**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4661**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

ORBIN ADALI MENDOZA-ARGUETA,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   James K. Bredar, District Judge. (1:15-cr-00286-JKB-1)

Submitted:  February 13, 2017      Decided:  July 13, 2017

Before GREGORY, Chief Judge, THACKER, Circuit Judge, and DAVIS, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

A.D. Martin, LAW OFFICE OF ANTHONY D. MARTIN, Greenbelt, Maryland, for Appellant. Michael Clayton Hanlon, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In accordance with a written plea agreement, Orbin Adali Mendoza-Argueta (Mendoza) pled guilty to possession of firearms by an alien illegally and unlawfully in the United States, 18 U.S.C. § 922(g)(5) (2012). He was sentenced to 42 months in prison. Mendoza now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), claiming that the sentence is unreasonable. Mendoza has filed a pro se supplemental brief challenging both his conviction and sentence. The United States moves to dismiss the appeal based upon a waiver-of-appellate-rights provision in the plea agreement. Mendoza opposes the motion. We grant the motion to dismiss the appeal.

I

We review de novo the validity of an appeal waiver. United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013). Where the Government seeks to enforce an appeal waiver and did not breach its obligations under the plea agreement, we will enforce the waiver if the record establishes that (1) the defendant knowingly and intelligently waived his right to appeal, and (2) the issues raised on appeal fall within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168-69 (4th Cir. 2005).

A

To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted). Other factors to be considered are whether the waiver language in the plea agreement was "unambiguous" and "plainly embodied," and whether the district court fully questioned the defendant during the Fed. R. Crim. P. 11 colloquy regarding the waiver of his right to appeal. Id. at 400-01; see United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.3d 165, 167-68 (4th Cir. 1991). Generally, if the district court specifically questioned the defendant regarding the waiver during the colloquy or the record otherwise indicates that the defendant understood the full significance of the waiver, the waiver is valid. Johnson, 410 F.3d at 151.

Mendoza's plea agreement provided in relevant part:

The Defendant knowingly waives all right . . . to appeal the Defendant's conviction. . . . The Defendant . . . knowingly waive[s] all right to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine,

3

order of forfeiture, order of restitution, and term or condition of supervised release.

In signing the agreement, Mendoza acknowledged:

I have read this agreement . . . and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. . . . I am completely satisfied with the representation of my attorney.

At the Rule 11 hearing, Mendoza advised the court that he was 37, had the equivalent of a high school education, and was not under the influence of any medication or alcohol. He stated that he was pleading guilty freely and voluntarily and that the factual basis offered in support of the plea was accurate. He was entirely satisfied with his attorney's services. He had read the plea agreement, which he understood, and had discussed it with his attorney. The court reviewed the terms of the appellate waiver with Mendoza, who said that he understood it. Our review of the hearing transcript discloses that the court fully complied with Rule 11.

We conclude that, under the totality of the circumstances, Mendoza knowingly and voluntarily waived his right to appeal both his conviction and sentence.

B

Under Blick, the next question is whether the issues Mendoza seeks to raise on appeal fall within the scope of the waiver. We conclude that they do. The only issues raised in

4

the briefs are whether the conviction is valid and whether the sentence is reasonable.  Those issues are clearly encompassed by the waiver.  We therefore hold that Mendoza validly waived his right to challenge his conviction and sentence.

## II

Pursuant to <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal.  Accordingly, we grant the motion to dismiss the appeal.  This court requires that counsel inform Mendoza, in writing, of the right to petition the Supreme Court of the United States for further review.  If Mendoza requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Mendoza.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED</u>